KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Baljinder Singh Rathaur,<br><br>Petitioner,<br><br>v.<br><br>Unknown Warden of Eloy Detention Center, et al.,<br><br>Respondents. | No.    CV-26-01382-PHX-SMB (DMF)<br><br><br>**ORDER TO SHOW CAUSE** |

Petitioner, through counsel, filed this action under 28 U.S.C. § 2241 challenging his immigration detention.  (Doc. 1.)

Petitioner entered the United States in 2023, and, after a short period of detention, was released pending his immigration proceedings.  (Doc. 1 at 14.)  Petitioner filed his application for asylum in January 2024, and his immigration proceedings remain pending in the San Francisco Immigration Court (*Id.*)  Petitioner has  complied with immigration procedures and attended all scheduled Immigration and Customs Enforcement (ICE) check-ins at the Fresno, California ICE Office.  (*Id.*)  On February 13, 2026, Petitioner was re-detained by ICE officials without a pre-deprivation hearing.  Petitioner seeks release from custody.

Numerous courts have concluded individuals like Petitioner, who were released from immigration detention, are entitled to a pre-deprivation hearing prior to any rearrest or detention as a matter of due process. *See, e.g., J.C.E.P. v. Wofford*, CV-25-01559-EFB (HC), 2025 WL 3268273, *6 (E.D. Cal. Nov. 24, 2025) (collecting cases); *Ramirez Clavijo*

*v. Kaiser*, CV-25-06248-BLF, 2025 WL 2419263, at *6 (N.D. Cal. Aug. 21, 2025) ("Petitioner thus has shown a likelihood of success on the merits of her claim that she is entitled to a pre-deprivation hearing before a neutral decisionmaker prior to any re-arrest or detention under the Due Process Clause."); *Singh v. Andrews*, CV-25-00801-KES-SKO (HC), 2025 WL 1918679, at *8 (E.D. Cal. July 11, 2025) ("On balance, the *Mathews* factors show that petitioner is entitled to process, and that process should have been provided before petitioner was detained.").

Respondents must show cause why the Petition should not be granted. Any response must be supported by documentary evidence including, if applicable, affidavits by individuals with personal knowledge of the factual statements made therein and signed under penalty of perjury.

**IT IS ORDERED:**

(1)    Counsel for Petitioner must immediately serve the Petition (Doc. 1) on Respondents.

(2)    If not already issued, the Clerk of Court must issue any properly completed summonses.

(3)    The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to the attention of Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, Theo Nickerson at Theo.Nickerson2@usdoj.gov, Dina Anagnopoulos at Dina.Anagnopoulos@usdoj.gov, and Mary Finlon at Mary.Finlon@usdoj.gov.

(4)    Respondents must show cause no later than **April 10, 2026**, why the Petition should not be granted.

. . . .

. . . .

. . . .

. . . .

. . . .

(5)    Petitioner may file a reply no later than **April 11, 2026**.

Dated this 6th day of April, 2026.

Honorable Susan M. Brnovich
United States District Judge